UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case no. 1:10CV00086 ERW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court upon the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III [ECF No. 30] pursuant to 28 U.S.C. § 636(b). The Magistrate Judge recommended this Court affirm the ALJ's decision, and the Court notes that the Plaintiff has filed timely Objections to the Magistrate's Report and Recommendation [ECF No. 31].

**A.   STANDARD OF REVIEW**

"[W]hen a party objects to the Report and Recommendation of a magistrate judge concerning a dispositive matter, 'a judge of the court shall make a de novo review determination of those portions of the report, or specified proposed findings, or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The Court will therefore conduct a de novo review of those portions of the Report and Recommendations ("R&R") to which Plaintiff has objected on review. In conducting its review, the Court is bound by the zone of choice doctrine and must affirm the Commissioner's decision to deny disability benefits "'as long as it is supported by substantial evidence on the

record as a whole.'" *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quoting *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir.2010)); *see Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) ("The court will disturb the ALJ's decision only if it falls outside the available 'zone of choice.'"), *Bland v. Bowen*, 861 F.2d 533, 535 (8th Cir. 1988) ("The concept of substantial evidence . . . embodies a zone of choice withing which the Secretary may grant or deny benefits without being subject to reversal on appeal."). The Eighth Circuit has long held "Substantial evidence is 'less than a preponderance but . . . enough that a reasonable mind would find it adequate to support' the conclusion." *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 589 (8th Cir.2004)). In conducting its review, the Court must "'consider the evidence that supports the Commissioner's decision as well as the evidence that detracts from it.'" *Id.* (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir.2008)). Moreover, "when, as here, 'the Appeals Council has considered new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence.'" *O'Donnell v. Barnhart*, 318 F.3d 811, 816 (8th Cir. 2003) (quoting *Gartman v. Apfel,* 220 F.3d 918, 922 (8th Cir.2000)). However, "'[i]t is not the role of this [C]ourt to reweigh the evidence presented to the ALJ or to try the issue in this case de novo.'" *Wiese*, 552 F.3d at 730 (quoting *Loving v. Dep't of Health & Human Servs., Sec'y,* 16 F.3d 967, 969 (8th Cir.1994)). In fact, whether or not this Court would have come to a different conclusion than that reached by the ALJ is irrelevant and "is not a sufficient basis for reversal." *Id.* Thus, after reviewing the evidence, if the Court finds it possible to reach two different and inconsistent conclusions one of which "represents the Commissioner's findings, [the court] must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th

Cir.1996)).  For the reasons set forth below, the Court concludes that the decision of the Commissioner should be affirmed.

**B.    DISCUSSION**

Plaintiff claims disability beginning March 17, 2004 and running to the present date. Accordingly, the Magistrate set forth in detail Plaintiff's medical history.  After a thorough and independent review of the record in this case, this Court finds the Magistrate's account to be complete and well-developed.  The R&R thoroughly details Plaintiff's medical history.  The Court will not repeat this discussion, and instead incorporates the following sections by reference:[1] "Procedural History", "Testimony Before the ALJ", "Medical and Other Records Before the ALJ", "The ALJ's Decision"[2], and "Additional Medical Records Before the Appeals Council".

Plaintiff asserts that the Magistrate erred in its findings and lists five specific objections: 1) the R&R incorrectly relied on the RFC by Aaron Spratt; 2) the R&R fails to properly consider the additional medical records of Dr. Kurt Zimmer and Dr. Yuri Soeter; 3) the R&R failed to properly consider the RFC of Dr. Kurt Zimmer; 4) the R&R incorrectly found that the ALJ's determination was supported by substantial evidence on the record as a whole; and 5) the R&R incorrectly failed to address the ALJ's credibility determination.  Based on these objections, Plaintiff seeks a determination from this Court that he is disabled under the Social Security Act and is entitled to benefits beginning March 17, 2004 through the present.  In the alternative, Plaintiff requests this Court remand the matter to the ALJ for further development of the record. The Court will consider each of Plaintiff's objections, in turn, but rather than addressing them in

---

[1] In so doing, this Court again recognizes that the standard of review in this matter is de novo.
[2] The R&R did not indicate the date of the Plaintiff's administrative hearing, which was July 16, 2099. The Court adds that information as it is material to later discussion.

3

the order in which they appear in Plaintiff's Objections to the R&R, the Court will consider them as they relate to Plaintiff's overall argument.

1.  <u>Failure to Fully and Completely Develop the Record</u>

Much of the Plaintiff's objection in this case seems couched on the belief that the ALJ failed in his duty to fully and completely develop the record. Other aspects of this issue will receive additional development in other sections below. This division is intended to maintain focus on Plaintiff's assertion, that the ALJ's opinion is erroneous insomuch as it was rendered without an RFC from Dr. Zimmer in the record and insomuch as "nothing in the record indicates that the ALJ even reviewed the opinion of Dr. Zimmer" [ECF No. 26 at 3-4].

In general, the claimant is responsible for providing the Commissioner with the evidence used to make findings about the claimant's RFC. 20 C.F.R. § 404.1545(a)(3). However, prior to a determination, the Commissioner is responsible for developing a complete medical history which includes "making every reasonable effort to help [the claimant] get medical reports from [his or her] own medical sources." *Id*. In other words, the ALJ must develop the "record fairly and fully" and must do so "independent of the claimant's burden to press his case." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). This burden includes requests for medical records and a followup request to those medical sources which fail to respond. *See* 20 C.F.R. § 404.1512(d)(1). The Commissioner must also recontact the treating physician and request "additional evidence or clarification . . . when the report from [the] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." *Id.* at (e)(1). However, the ALJ need not "seek additional clarifying

4

statements from a treating physician unless a *crucial issue* is undeveloped." *Vossen*, 612 F.3d at 1016 (emphasis in original); *see also Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008) ("there was no need to further develop the record because sufficient information existed for the ALJ to make her disability determination."). Nor is the ALJ required to "rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). Ultimately, regardless of the ALJ's duty, "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant." *Vossen*, 612 F.3d at 1016; *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).

This Court will first address Plaintiff's assertion that the ALJ's violated 20 C.F.R. § 404.1512(e) in that the ALJ did not ask Dr. Zimmer to complete an RFC or give his opinion. Having reviewed the regulation in question, as well as the pertinent case law, this Court is unable to find any language requiring that the ALJ request an RFC assessment from a treating physician or any doctor for that matter. In fact, even when the regulations mandate the ALJ request additional information because of conflicting, ambiguous, or incomplete information or because a critical issue is undeveloped, there is no language specifying that the request must be that the physician complete an RFC assessment. Moreover, given that an RFC determination is a legal question reserved for the commissioner, *see Vossen*, 612 F.3d at 1015, and in light of the fact that an RFC assessment form consists almost entirely of check boxes and provides little room for explanation, reasoning, or support for the assessment contained thereon, *see Walton v. Astrue*, 664 F. Supp. 2d 1000, 1032 (E.D. Mo. 2009) (stating that physician's checkmarks on a form are conclusory opinions appropriately discounted if contradicted by other objective medical

5

evidence), such a requirement would serve little purpose.  Therefore, Plaintiff's assertion that the ALJ erred in making his ruling without an RFC from Dr. Zimmer, is without merit.

Further, while it is true that the ALJ must develop the record fairly and fully, the record before the ALJ in this case consisted of over 400 pages of medical records including a complete set of records from Dr. Zimmer's interaction with the Plaintiff starting with his first visit on January 30, 2008 through June 4, 2009.  (R.[3] 340-343, 399-409, 420-427).  Reviewing those records reveals that Dr. Zimmer diagnosed the Plaintiff with spondylosis and moderate degenerative disc space narrowing, assessed his pain as mild, and referred him to a neurosurgeon for further evaluation.  (*Id.*)  The record also contains the neurosurgeon's assessment in which the surgeon concluded, after reviewing an MRI of the plaintiff's back, that Plaintiff was not a candidate for surgery and recommended that he seek a referral for pain management.  (R. at 395-398).  This conclusion was based on the MRI which revealed only "mild disc bulges in the neck." (R. at 398).  In light of these records, all of which address and develop the issue of the Plaintiff's neck and back conditions, this Court feels that the ALJ adequately developed the record in regards to that issue.  Moreover, because the records provided by Dr. Zimmer contain assessments of Plaintiff's condition ranging from mild to moderate, and because such assessments are consistent with the assessments provided by the neurosurgeon, and because a complete set of records from Dr. Zimmer were on file with the ALJ, there was therefore no inconsistency, ambiguity, or element of incompletion in the record which required that the ALJ request additional information from Dr. Zimmer.  Furthermore, because a complete set of reports from Dr. Zimmer were on file, the contention that the record was not developed fully is unpersuasive.

---

[3] References to "R" are to the administrative record filed by the Commissioner with his answer.

6

2.      Improper Reliance on an RFC Provided by a Non-examining Lay Person

Plaintiff asserts that both the ALJ and the Magistrate erred in finding that an RFC provided by a non-examining lay person constituted substantial evidence on the record as a whole, because that RFC focused solely on the Plaintiff's shoulder injury and did not consider the Plaintiff's neck or back conditions [ECF No. 31].  This Court disagrees.

"The RFC is a function-by-function assessment of an individual's ability to do work-related activities based upon all of the relevant evidence." *Casey v. Astrue*, 503 F.3d 687, 696-97 (8th Cir. 2007) (quoting *Harris v. Barnhart,* 356 F.3d 926, 929 (8th Cir.2004)); *see also* 20 C.F.R. § 404.1545(a) ("We will assess your residual functional capacity based on  all the relevant evidence in your case record.").  In making an RFC determination the ALJ must consider all of the evidence in the record but ultimately the RFC is "a medical question that must find at least some support in the medical evidence of record." *Casey*, 503 F.3d at 697.  However "[a]n RFC checklist completed by a non-treating, non-examining physician who has merely reviewed reports is not *medical* evidence as to how the claimant's impairments affect her current ability to function and thus cannot alone constitute substantial evidence to support an ALJ's RFC assessment." *Halton v. Astrue*, 698 F. Supp. 2d 1148, 1168 (E.D. Mo. 2010) (citing *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir.2000)); *see also* 20 C.F.R. § 416.927(d)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.").  This does not mean however, that the ALJ cannot also consider "the opinion of an independent medical advisor" as to "the nature and severity of a claimant's impairment." *Harris*, 356 F.3d at 931.

The record contains a plethora of medical evidence which this Court feels supports the ALJ's findings.  One example is the Plaintiff's lumbar spine x-rays taken on July 24, 2008 showing spondylosis and *mild to moderate* degenerative space narrowing which was "consistent with age" (R. at 395) (emphasis added).  Additionally, the Plaintiff's cervical spine MRI from September 3, 2008 revealed inferior spurring and *mild* disc bulges (R. at 396) (emphasis added).  Moreover, when presented with the information from that MRI and after *examining* the Plaintiff in person with a particular focus on his neck, Neurosurgeon Dr. Sonja Fonn, D.O., did not recommend surgery (R. at 398).  Rather than surgery, Dr. Fonn recommended pain management, a much more conservative course of treatment than surgery, which the ALJ noted was inconsistent with the Plaintiff's allegation of a disabling impairment (R. at 17 & 398).

The above facts were discussed by the ALJ and used in finding that "there is no evidence of *significant* joint *or spine* abnormality" which would have warranted a determination that the Plaintiff was incapable of "medium exertional work" (R. at 17-18) (emphasis added).  Because all of those factors were considered, the ALJ's RFC determination was supported by medical evidence on the record as a whole and is not subject to reversal by this Court.  Furthermore, notwithstanding the conclusion that there was no significant spine abnormality, the ALJ did recognize that the Plaintiff suffered from "degenerative joint disease of the . . . cervical and lumbar spine" (R. at 13).  Because each of the aforementioned findings specifically references or recognizes the Plaintiff's neck and back condition, and given that Mr. Spratt's RFC excluded any mention of such back or neck injuries, it is unreasonable to conclude that the ALJ relied solely on the RFC provided by Mr. Spratt in making the final RFC assessment because, were that the case, the ALJ would not have referenced the neck or back conditions in its opinion.  This conclusion is

further supported by the ALJ's statement that he was generally accepting the RFC provided by Mr. Spratt because it was "supported [by] and consistent with the objective medical evidence of record and corroborated by" several examining and or treating doctors (R. at 18). Because the ALJ adopted the RFC provided by Mr. Spratt only after determining that it was consistent with and supported by other substantial medical evidence in the record; and because that supporting medical evidence is made up of medical opinions provided by treating and or examining doctors as well as other objective medical test results; and because the ALJ's reference to the Plaintiff's back and neck conditions make it obvious that the ALJ considered all of the evidence in the record before making his RFC determination, this Court finds that the ALJ's decision to generally accept Mr. Spratt's RFC was supported by substantial evidence on the record as a whole. Insomuch as the ALJ's decision was supported by substantial evidence on the record, it falls within the zone of choices, wherefore this Court will not reverse the ALJ's decision. *See Johnson*, 627 F.3d at 320; *Hacker*, 459 F.3d at 936; *Bland*, 861 F.2d at 535.

      3.      <u>Failure to Properly Consider Additional Medical Records</u>

Plaintiff further alleges error in that the Magistrate's R&R failed to properly consider the additional medical records of Drs. Kurt Zimmer and Yuri Soeter which were not before the ALJ [ECF No. 31]. Plaintiff also argues that this error requires remand to further develop those records [*id.*]. This Court disagrees.

As indicated previously, this Court's review must include a determination that the ALJ's ruling is supported by substantial evidence on the record as a whole and such review must include any new evidence supplied to the Appeals Counsel and not considered by the ALJ. *O'Donnell*, 318 F.3d at 816. However, remand for consideration of such new evidence is appropriate only if

9

the claimant shows the new evidence "is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Eighth Circuit recently indicated that "[g]ood cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation." *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008). Furthermore, new evidence is material only if it is "'non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied.'" *Id.* (quoting *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997)). Moreover, such new evidence "[can]not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition." *Jones*, 122 F.3d at 1154; *see Moore v. Astrue*, 572 F.3d 520, 525 (8th Cir. 2009). Thus, new additional evidence "showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand." *Jones*, 122 F.3d at 1154. Finally, even if the new evidence meets these criteria, remand will not be granted unless it is "reasonably likely that the Commissioner's consideration of [the] new evidence would have resulted in an award of benefits." *Id.*

Plaintiff alleges that the ALJ made his decision without a complete record in that the ALJ did not have all of the medical records from Dr. Zimmer. A review of the records on file before the ALJ shows records from Dr. Zimmer from the time of the Plaintiffs first visit on January 30, 2008 up to and including June 4, 2009 (R. at 340-343 & 420-427). The Plaintiffs hearing before the ALJ took place on July 16, 2009 and the decision was returned on October 1, 2009. That indicates that the ALJ was missing records from doctor Zimmer for the later half of July, as well as August and September of 2009. Those records have been supplied to this Court as

attachments to the Plaintiff's Brief [ECF No. 18]. However, in this case Plaintiff had an opportunity to, and in fact was able to, provide the Appeals Counsel with updated records from Dr. Soeter for that time period (R. at 3), wherefore there is no reason why Plaintiff could not have done the same with Dr. Zimmer's records. Nevertheless, updated records from Dr. Zimmer were not provided to the Appeals Counsel, and Plaintiff has not provided this Court with any reason or explanation for that failure. It is clear that Plaintiff had an opportunity to obtain and provide the new evidence before the administrative record closed, and it is also clear that Plaintiff failed to do so. In light of the foregoing, and because Plaintiff has not provided an explanation for the failure, Plaintiff has not made a showing of good cause. Accordingly, this Court is under no obligation to review those records nor is remand to the ALJ for further consideration required under 42 U.S.C. § 405(g).

Additionally, Plaintiff argues that the ALJ made his decision without a complete record in that the ALJ did not have an RFC assessment from Dr. Zimmer, and that the magistrates R&R is erroneous because it fails to properly consider said RFC. In this case Dr. Zimmer did not complete the RFC in question until November 2010. Given that the Appeals Counsel gave its decision in May of 2010, it is unlikely that this RFC was obtained or provided before the administrative record closed. However, as discussed previously, Plaintiff clearly had the time and ability to obtain and provide additional records. As discussed, no explanation has been given by Plaintiff as to why the additional records were not provided before the close of the administrative record. Consequently, there is no showing of good cause and this Court need not review Dr. Zimmer's RFC. Even if good cause was shown, Dr. Zimmer's RFC could not be considered because it was not completed until more than a year after the ALJ handed-down his decision and

almost a half a year after this action was filed.  This lapse of time is fatal for two reasons; (1) because Dr. Zimmer's RFC could be an assessment of Plaintiff's condition during a period outside that for which benefits was denied and (2) Dr. Zimmer's RFC could reflect a subsequent deterioration of a previously non-disabling condition or even newly acquired condition, neither of which may be considered as a part of new evidence.  In light of the foregoing, this Court finds no error in the ALJ's opinion being made without an RFC from Dr. Zimmer.

Plaintiff further alleges that the ALJ made his decision without a complete record in that the ALJ did not have all of the medical records from Dr. Soeter.  This Court's review revealed that records from Dr. Soeter were also on file with the ALJ for a time period starting with Plaintiff's first visit on March 16, 2009 up to and including May 18, 2009 (R. at 410-419).  Based on the dates previously discussed, this means the ALJ was missing Dr. Soeter's records for the period between March 17, 2009 and October 1, 2009.  As discussed, Plaintiff did manage to provided the Appeals Counsel with additional records from Dr. Soeter for a period dated June 29, 2009 through October 19, 2009 (R. at 428-434).  A review of the material portions of those additional records indicates that Plaintiff received injections in his neck which helped relieve the pain by up to 80 percent.  In fact, the injections were effective enough that the time between injections eventually increased from one to two months.  Because these additional records illustrate that Plaintiff's pain was effectively managed through the use of medication, it cannot be said that Plaintiff was suffering from disabling pain.  *See Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) ("'Impairments that are controllable or amenable to treatment do not support a finding of disability.'") (quoting *Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir.1997)).  Insomuch as these new records do not provide evidence of disabling pain, there was no

reasonable likelihood that their consideration by the ALJ would have resulted in an award of benefits.  Consequently, remand by this Court to the ALJ for further consideration and development of the record is not necessary, nor is reversal by this Court appropriate given that the additional evidence submitted to the Appeals Counsel, and reviewed by this Court, only strengthens the ALJ's conclusion.

        4.       <u>Failure to Give Proper Weight and Consideration to the Opinion of Dr. Zimmer</u>

Plaintiff's further alleges that the R&R is flawed in that it does not give proper weight to the opinion of Dr. Zimmer as a treating physician.  This Court disagrees.

"[A]n ALJ must give a treating physician's opinion controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record."  *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009) (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).  "If the [treating physicians'] opinion fails to meet these criteria, however, the ALJ need not accept it." *Id.*; *see Hacker*, 459 F.3d at 937.  Moreover, a doctor's opinion that an applicant is disabled or unemployable is a legal question, the determination of which is reserved for the Commissioner, and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight.  *See Vossen*, 612 F.3d at 1015, *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005), 20 C.F.R. § 404.1504, 20 C.F.R. § 416.927(e)(1).  In fact, a treating physician's opinion deserves no greater deference than any other physician's opinion when the treating physician's opinion consists of vague, conclusory statements unsupported by the medical findings.  *See Charles v. Barnhart*, 375 F.3d 777, 784 (8th Cir. 2004).  Thus, "[a] treating physician's checkmarks on a form . . . are conclusory opinions

which can be discounted if contradicted by other objective medical evidence." *Walton*, 664 F. Supp. 2d at 1032.

Of particular concern for Plaintiff was that the ALJ and the Magistrate both gave little weight to the opinion of Dr. Zimmer who concluded that Plaintiff was "permanently unemployable" (R. at 161). That opinion appeared on a Missouri Department of Social Services Medical Referral and Authorization form completed by Dr. Zimmer in January of 2008 [ECF No. 18]. Review of the document [*Id.*] containing that opinion reveals a cursory two page form containing almost no reasoning or explanation to support the conclusion. In fact, the form consists of small boxes in which the physician records observations and draws conclusions. The size of those boxes leaves no room for explanation as to what the observations mean or how the physician reached his or her conclusions. Based on the nature of the form, and the lack of explanation or reasoning in support of the conclusions on the form, this Court finds that the form constituted a conclusory statement deserving no greater deference than any other physician's opinion. Furthermore, the opinion of Dr. Zimmer on that form addresses a legal question reserved for determination by the Commissioner, in that it concluded Plaintiff was "permanently unemployable," wherefore it was not entitled to controlling weight. Consequently, the ALJ did not err in according very little weight to Dr. Zimmer's conclusion.

5.  ALJ's Credibility Determination.

Finally Plaintiff asserts error in that the R&R allegedly failed to address the ALJ's credibility determination. This is simply not true. The R&R contains a lengthy discussion of the ALJ's credibility finding. After review of the ALJ's credibility determination this Court agrees

14

with the discussion, analysis, and conclusion regarding this issue as set forth in the Magistrate's R&R.  Accordingly, this Court adopts that portion of the R&R below.

> When finding that Plaintiff's complaints of disabling pain after November 1, 2006, were not credible, the ALJ specifically considered his daily activities, which were either inconsistent with his allegations or were restricted as a matter of choice and not of medical prescription; the lack of objective medical evidence supporting such; the minimal or conservative treatment; the lack of any evidence that his prescribed medication is not effective or imposes side effects; the evidence of a normal gait and ability to ambulate independently; the absence of any obvious physical or mental discomfort of Plaintiff during the hearing; and the absence of any supportive lay testimony.
>
> Plaintiff's daily activities were limited; however, the ALJ found the limitations were not attributable to Plaintiff's medical condition. This finding is supported by the record, including the absence of any restrictions placed on Plaintiff by his physicians that would prevent him from engaging in activities other than those precluded by his RFC.  *See Choate v. Barnhart*, 457 F.3d 865, 871 (8th Cir. 2006) (finding ALJ's adverse credibility determination was supported by record, including the inconsistencies between claimant's "self-reported limitations on his daily activities" and the medical record);  *See also Jones*, 619 F.3d at 975 (affirming adverse credibility determination of ALJ who found claimant's activities to be limited on a "self-imposed voluntary basis" rather than due to her medical condition), *Vossen*, 612 F.3d at 1017 (rejecting claimant's argument that ALJ "improperly discredited his testimony based on his performance of minor activities of daily living"), *Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (finding that record indicated that claimant was "generally able to care for himself"; although claimant was "not very active," he was able to complete chores when asked).
>
> The lack of objective medical evidence supporting Plaintiff's subjective complaints, including the findings of full muscle strength, no muscle spasms, and a normal range of motion, gait, and station, was a factor that the ALJ could properly consider when evaluating his credibility.  *See Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008), *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005). . . .
>
> Additionally, as in the instant case, "[t]he ALJ's personal observations of the claimant's demeanor during the hearing is completely proper in making credibility determinations." *Johnson v. Apfel*, 240 F.3d 1145, 1147-48 (8th Cir. 2001). *See also Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir. 1993) (observation by ALJ that claimant had not appeared uncomfortable during hearing was properly considered as distracting from claimant's credibility).  Other proper considerations are the lack of any corroborating observations by third parties, *see Curran-Kicksey v. Barnhart*, 315 F.3d 964, 968 (8th Cir. 2003), and of any "physician-ordered limitations," *see Tennant v. Apfel*, 224 F.3d 869, 871 (8th Cir. 2000).
>
> "'Where adequately explained and supported, credibility findings are for the ALJ to make.'"  *Ellis*, 392 F.3d at 996 (quoting *Lowe v. Apfel*, 226 F.3d 969, 972

15

(8th Cir. 2000)).  The ALJ's adverse credibility findings are so explained and supported.  Plaintiff's challenge to them and to the resulting RFC findings is without merit.  *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) (rejecting challenge to ALJ's RFC findings; findings were supported by medical evidence and claimant "fail[ed] to recognize that the ALJ's determination regarding her RFC was influenced by his determination that her allegations were not credible").

*See* Report and Recommendation of United Stated Magistrate Judge [ECF No. 30].

### III. CONCLUSION

Upon reviewing of the evidence and record in this case, the Court finds that the Report and Recommendation of the Magistrate Judge should be accepted.  There is substantial evidence in support of the ALJ's decision that Plaintiff was not disabled and therefore not entitled to disability benefits.  The Social Security Commissioner's decision denying Plaintiff's claims for benefits is affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that under sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner of Social Security denying Plaintiff Timothy Dean disability benefits is **AFFIRMED**, and the Plaintiff's Complaint is dismissed **with prejudice**.

So Ordered this 9th day of September, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

16