UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:10CV00086 ERW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Compensation of Services and Reimbursement of Out-of-Pocket Expenses [ECF No. 34] filed by appointed counsel, Bryan E. Nickell. On September 28, 2010, under 28 U.S.C. § 1915(e), Magistrate Judge Thomas C. Mummert, III, appointed Mr. Nickell to represent indigent civil litigant, Timothy Dean, Plaintiff in *Dean v. Astrue* [ECF No. 13]. Magistrate Judge Mummert submitted his report and recommendation, to which Plaintiff objected. This Court entered its judgment order in Mr. Dean's case, affirming the Commissioners decision denying disability benefits to Mr. Dean and dismissing with prejudice all of Plainttiff's claims on September 9, 2011 [ECF Nos. 32, 33]. Plaintiff currently is appealing the judgment.

On September 20, 2011, Ms. Nickell sought reimbursement for out-of-pocket expenses and compensation for services rendered. He claims a total of $2500.00 in attorney's fees and $378.04 in out-of-pocket expenses.

Local Rule 12.03 allows appointed counsel to seek reimbursement for reasonable attorney's fees and expenses. Appointed counsel may file a request for compensation of services and reimbursement of out-of-pocket expenses up to 60 days following the entry of a judgment order.

Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), 3 (2010), http://www.moed.uscourts.gov/sites/default/files/Attorney_RegulationsForExpenditures.pdf. "The Request shall be accompanied by sufficient documentation to permit the Court to determine that the time claimed for attorney's fees was expended and was appropriate and reasonable, and that the amounts claimed for expenses were actually paid out." *Id*. at 3. The Court, in its discretion, may reimburse up to $5000 in out-of-pocket expenses and up to $2500 in attorney's fees. *Id*. at 1-3, 6.

Mr. Nickell has filed the Request for Compensation form, but he has not provided sufficient documentation to support his request, for example, billable hour logs, itemized expense reports, or copies of receipts. Without this information, the Court can not determine that "the time claimed for attorney's fees was expended and was appropriate and reasonable," or that the expenses claimed "were actually paid out." *Id*. at 3.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Nickell shall file within ten (10) days of this Order documentation to support his request for compensation. If the Court does not receive the supporting documentation, the Motion for Compensation will be denied.

Dated this _5th_ day of October, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE